UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOSEPH SCOTT BEBRY,

                                Plaintiff,

                          -against-

ALJAC LLC, a Domestic Limited Liability Company,
and ARUN VERMA d/b/a RANGMAHAL INDIAN
CUISINE,

                               Defendants,
----------------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**
12-CV-4945

**APPEARANCES:**

**Christopher Robles, Esq.**
*Attorney for the Plaintiff*
471 54th Street
Brooklyn, NY 11220

**Faust Goetz Schenker & Blee, LLP**
*Attorneys for the Defendant ALJAC LLC*
2 Rector Street
20th Floor
New York, NY 10006
    By:    Randy S. Faust, Esq., Of Counsel

**Lally & Misir, LLP**
*Attorneys for the Defendant Arun Verma*
220 Old Country Road
Mineola, NY 11501
    By:    Grant M. Lally, Esq., Of Counsel

**SPATT, District Judge.**

    On October 3, 2012, the Plaintiff Joseph Scott Bebry (the "Plaintiff") commenced this action against the Defendants ALJAC LLC, a Domestic Limited Liability Company ("ALJAC"), and Arun Verma d/b/a Rangmahal Indian Cuisine ("Verma," and collectively, the "Defendants"). The Plaintiff asserts causes of action for declaratory and injunctive relief pursuant to 42 U.S.C. §

12181 of the Americans with Disabilities Act ("ADA"), the New York State Civil Rights Law ("NYSCRL"), and the New York State Human Rights Law ("NYSHRL"). The Plaintiff also seeks attorneys' fees, costs, and expenses pursuant to the ADA and the NYSHRL, and compensatory damages of $500 for the Defendants' violation of the NYSCRL and NYSHRL. On November 14, 2014 the Defendant ALJAC filed a Verified Answer. ALJAC's Answer included cross-claims against the Defendant Verma.

Presently before the Court is the Defendant Verma's motion to dismiss the Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). In this regard, Verma seeks to dismiss the action on the ground that he is not the proper party in this action. He also argues that the Plaintiff has failed to state a cause of action upon which relief can be granted. For the reasons that follow, Verma's motion is granted.

## I. BACKGROUND

### A. Factual Background

Unless otherwise stated, the following facts are drawn from the Plaintiff's Complaint and are construed in the light most favorable to the Plaintiff.

The Defendants are authorized to conduct and are conducting business in the State of New York. In this regard, ALJAC is the owner, lessor and/or operator of the Rangmahal Indian Cuisine (the "Restaurant"), located at 355 South Broadway, Hicksville, New York and Verma is the lessee and/or operator of the Restaurant. The Defendants are the owners of the improvements at the restaurant site.

Less than one year prior to commencing the instant action, the Plaintiff visited the Restaurant. Prior to the visit, the Plaintiff became paralyzed as a result of an accident. As a consequence, he is substantially limited in performing one or more major life activities,

including, but not limited to, walking and standing. Thus, since the accident and prior to his visit, he has suffered from what constitutes a "qualified disability" under the ADA and uses a wheelchair for mobility. At the time of the Plaintiff's visit to the Restaurant, he was a resident of the State of New York.

According to the Plaintiff, when he personally visited the Restaurant, he was denied full and equal access to and full and equal enjoyment of the facilities of the Restaurant due to architectural barriers, which the Plaintiff alleges still remain at the Restaurant. Specifically, the Plaintiff asserts that the Defendants failed to provide an accessible and properly designated route to the entrance as required by 28 C.F.R. Part 36, because there was a step at the entrance and no ramp with appropriate sloping and signage.

The Plaintiff cites other violations of 28 C.F.R. Part 36 by the Defendants such as (1) an obstruction of the pathway to the entry of the bathroom; (2) the inaccessible height of the paper towel dispenser in the bathroom; (3) the failure to provide a ADA compliant bathroom door knob; (4) the failure to install rear and side grab bars at the bathroom toilet; (5) the failure to install a handicap accessible mirror; (6) the failure to install handicap designated and accessible seating in the dining room; (7) the failure to provide adequate ADA compliant directional signage throughout the Restaurant; and (8) the failure to provide signage stating that accessible services are provided to people with disabilities.

Once the architectural barriers are removed, the Plaintiff asserts that in the future, he intends to try to enter the Restaurant again to enjoy the goods and services offered there.

## II. DISCUSSION

**A. The Standards on a Rule 12(b)(6) Motion to Dismiss**

Under the now well-established <u>Twombly</u> standard, a complaint should be dismissed only

if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  The Second Circuit has explained that, after Twombly, the Court's inquiry under Rule 12(b)(6) is guided by two principles.  Harris v. Mills, 572 F.3d 66 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

"First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions' and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Id. (quoting Iqbal, 56 U.S. at 663).  "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 56 U.S. at 664).  Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." Iqbal, 56 U.S. at 664.

Finally, "in adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration 'to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.'" Leonard F. v. Israel Disc. Bank of N.Y., 199 F.3d 99, 107 (2d Cir. 1999) (quoting Allen v. West Point–Pepperell, Inc., 945 F.2d 40, 44 (2d Cir.1991)).  However, in ruling on a Rule 12(b)(6) motion, a court "may consider materials in addition to the complaint if such materials are public records." Giannone v. Bank of Am., N.A., 812 F. Supp. 2d 216, 222 n.2 (E.D.N.Y. 2011) (quoting New Eng. Health Care Employees Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003)).  "[C]ourts that consider matters of public record in a

Rule 12(b)(6) motion are limited to things such as statutes, case law, city charters, city ordinances, criminal case dispositions, letter decisions of government agencies, published reports, records of administrative agencies, or pleadings in another action." Moore U.S.A., Inc. v. Standard Register Co., 139 F. Supp. 2d 348, 363 (W.D.N.Y. 2001). "[P]ages from a website are not public records for the purposes of Rule 12(b)(6)." Id. at 363. Thus, the Court will not consider evidence outside the pleading unless appended to the complaint, incorporated in the complaint, or otherwise appropriate for the Court to take notice. Leonard F., 199 F.3d at 107.

**B. As to Whether the Plaintiff States a Claim Under the ADA and the NYSHRL**

Claims under Title III of the ADA and the NYSHRL are governed by the same legal standard. See Rodal v. Anesthesia Group of Onondaga, 369 F.3d 113, 117 n.1 (2d Cir. 2004) ("New York State disability discrimination claims are governed by the same legal standards as federal ADA claims."). See also Romanello v. Shiseido Cosmetics Am., No. 00 Civ. 7201, 2002 WL 31190169, at *7 (S.D.N.Y. Sept. 30, 2002) ("[T]he same standards used to evaluate claims under the ADA also apply to cases involving the NYHRL."). Accordingly, the Court will evaluate Verma's motion to dismiss the Plaintiff's ADA and NYSHRL claims using the same legal standard.

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To state a claim under Title III, "[a plaintiff] must allege (1) that [he] is disabled within the meaning of the ADA; (2) that [the] defendants own, lease, or operate a place of public accommodation; and (3) that [the] defendants discriminated against [him] by denying [him] a full and equal

5

opportunity to enjoy the services [that the] defendants provide." Camarillo v. Carrols Corp. 518 F.3d 153, 156 (2d Cir. 2008).

As an initial matter, the Plaintiff has attached an exhibit to his Opposition to Verma's motion to dismiss. The exhibit is a print out of a page from the New York State Department of State Division of Corporations ("NYS DOS") website which indicates that Verma is the Chairman or Chief Executive Officer ("CEO") of the entity Dayal, Inc. ("Dayal"). Verma admits that Dayal "runs" the Restaurant and is a tenant of the property where the Restaurant is located. Generally, as stated above pages from a web site are not public records for the purposes of Rule 12 (b)(6). Moore U.S.A, 139 F. Supp. 2d at 363. However, because the exhibit is a record of an administrative agency, the Court will consider this evidence in its analysis of the pending motion to dismiss. Id. at 363; see also Hall v. Virginia, 385 F.3d 421, 424 n.3 (4th Cir. 2004) (determining that it may consider voting-age population statistics on Rule 12(b)(6) motion because they were "publicly available on the official redistricting website of the Virginia Division of Legislative Services") (citing Papasan v. Allain, 476 U.S. 265, 268 n.1, 106 S. Ct 2932, 92 L. Ed. 2d 209 (1986)).

In this case, the parties do not dispute that, under the terms of the ADA, the Plaintiff is disabled. Nor do they dispute that the Restaurant is a place of public accommodation under the ADA, which lists "a restaurant, bar, or other establishment serving food or drink" as a category of private entities that is considered a "place of public accommodation." 42 U.S.C.A. § 12181.

However, Verma contends that he is not a proper party to this case. Specifically, Verma argues that because he is neither the landlord nor the tenant of the property, but rather an employee of the tenant corporation, Dayal, he is not a proper party to this proceeding. In the alternative, Verma argues that even if the court finds that he is a proper party to this proceeding,

the Plaintiff has made no allegations that the Defendant, as an employee of the Restaurant, has committed any tortious act. Therefore, the Plaintiff's claims against Verma should be dismissed in their entirety. (Def.'s Mem. L. in Supp. Mot. to Dismiss at 4). The Court agrees with Verma, but will discuss his two contentions together, as the Court finds that they are actually related.

"[T]he question of whether a person is a proper defendant under the ADA turns [ ] on . . . whether the defendant owns, leases, or operates a place of public accommodation within the meaning of the ADA." Coddington v. Adelphi University, 45 F. Supp. 2d 211, 215 (E.D.N.Y. 1999) (emphasis removed). In considering individual liability under the ADA, "[c]ourts . . . have focused on the issue of control and whether the named defendant 'operates' a place of public accommodation within the meaning of the ADA." Coddington, 45 F. Supp. 2d at 216. "Under Title III, 'to operate' means 'to put or keep in operation,' 'to control or direct the functioning of,' or 'to conduct the affairs of,' or 'manage.'" Green v. DGG Properties Co., Inc., 3:11-CV-01989 VLB, 2013 WL 395484 (D. Conn. Jan. 31, 2013) (quoting Celeste v. East Meadow Union Free School Dist., 373 F. App'x 85, 91 (2d Cir. 2010)). In addition, "[t]he term 'operate' has been interpreted as being in a position of authority and having the power and discretion to perform potentially discriminatory acts." Coddington, 45 F. Supp. 2d at 215. The Court finds that in this case, the Plaintiff's Complaint does not contain sufficient factual allegations that Verma operated the Restaurant so that individual liability should lie.

Instructive here is the Court's decision in Coddington. In that case, the plaintiff brought a discrimination action against a private university and its board of trustees, former president, current president, as well as a dean and a professor. However, at the summary judgment stage, the court found that "it [was] the institution that [had] the power to make any accommodations required by law" and not the individual defendants. Coddington, 45 F.Supp. at 216. As such,

7

the court held that only the institution was the proper defendant since it operated the place of public accommodation. Id.

Also instructive is the decision in Green. There, the court evaluated a motion to dismiss a Title III claim against a resort. The court determined that while the defendants could "be proper defendants in [the] action if they exercised the requisite control over [the property]," the plaintiff had "failed to allege any facts in his complaint that would allow the court to conclude that [the individual defendants] exercised such control over the functioning of affairs of [the resort], were in such positions of authority, or had such power and discretion to perform potentially discriminatory acts that they own, lease, or operate a place of public accommodation under Title III." 2013 WL 395484, at *13–14 (internal quotation marks and brackets omitted). Instead, the "[p]laintiff merely assert[ed] the names of the individuals and their respective titles." Id. at *14. Therefore, the court granted the individual defendants' motion to dismiss the plaintiff's ADA claim on the grounds that the "complaint only offered 'naked assertions devoid of further factual enhancement' such that the court was unable to 'draw the reasonable inference that the defendant [was] liable for the misconduct alleged." Id. (citing Iqbal, 556 U.S. at 678) (internal brackets omitted).

Similar to the plaintiffs in Green and Coddington, the Court finds that the Plaintiff has failed to allege any facts in the complaint to allege that Verma was in a position of authority or had power and discretion to perform potentially discriminatory acts. In this regard, the Plaintiff's Complaint only alleges that Verma is the lessee and/or operator of the Restaurant and the owner of the improvements where the Restaurant is located. (Compl. at. ¶ 3). Further, although the NYS DOS Entity records show that Verma is the Chairman or CEO of Dayal, the Plaintiff's complaint provides no additional factual allegations concerning whether the plaintiff

8

operated the Restaurant.

While the Plaintiff relies on Guckenberger v. Boston University, 957 F. Supp. 306, 323 (D. Mass. 1997), and Bowen v. Rubin, 385 F. Supp. 2d 168, 180–81 (E.D.N.Y. 2005) in his opposition to Verma's motion, the Court finds these cases to be inapposite. In Guckenberger, the court held that a president of a university could be found to "operate" the institution for purposes of the ADA. Of importance, the complaint asserted that "[the president] [was] responsible for insuring that the university complie[d] with state and federal law, and that, although [the president] was aware of the students' 'illegal treatment,' he 'nevertheless knowingly participated in carrying out and continuing the discriminatory policies of Boston University.'" 957 F. Supp. at 323. In contrast, here, the Plaintiff alleges no factual allegations suggesting that Plaintiff was responsible for insuring that the Restaurant complied with state and federal law or that he participated in carrying out or continuing discriminatory policies. As such, the Plaintiff's Complaint is insufficient to support an inference that he "operated" the Restaurant.

Furthermore, in Bowen, the Court held that an individual defendant could be held liable under Title III where the defendant was sole shareholder and president of the place of accommodation and there was no board of directors. 385 F. Supp. 2d at 180. In this regard, the court found that these circumstances "indicate[d] that the [defendant] [was] an individual in a position of authority and with power and discretion to operate the facility and to make decisions regarding the training and supervision of the corporations' employees." Id. at 180–181. In this case, the Plaintiff's Complaint fails to allege facts that Verma, even in his capacity as the Chairman or CEO, was in a position of similar authority.

In sum, the Plaintiff's Complaint does not give the court a basis to draw the inference that Verma is an operator of the Restaurant. Without this information, the Court cannot determine

whether Verma is a proper defendant in this proceeding. Nevertheless, in its discretion, the Court declines to dismiss the Plaintiff's ADA and NYSHRL claims as against the Verma with prejudice, but rather, without prejudice, with leave to file an amended complaint within twenty days of the date of this Order. If the Plaintiff fails to do so, the Court will dismiss these claims with prejudice.

**B. As to Whether the Plaintiff States a Claim Under the NYSCRL**

In addition to his NYSHRL and ADA claims, the Plaintiff alleges that the Defendant violated the NYSCRL. Section 40-c of the NYSCRL provides:

> No person shall, because of race, creed, color, national origin, sex, marital status, sexual orientation or disability, as such term is defined in section two hundred ninety-two of the executive law, be subjected to any discrimination in his or her civil rights, or to any harassment, as defined in section 240.25 of the penal law, in the exercise thereof, by any other person or by any firm, corporation or institution, or by the state or any agency or subdivision of the state.

N.Y. Civ. Rights Law § 40-c (2).

However, section 40-d of that statute provides that "[a]t or before the commencement of any action under this section, notice thereof shall be served upon the [A]ttorney [G]eneral" of the State of New York. Id. § 40-d. "The failure to serve the Attorney General at or before the commencement of an action under Section 40–c is fatal to the plaintiff's claim and requires dismissal of those causes of action." Cave v. East Meadow Union Free School Dist., 480 F. Supp. 2d 610, 642 (E.D.N.Y. 2007). "[C]laims for violations of section 40-c of the [NYSCRL] must be dismissed" when a plaintiff "fail[s] to give necessary notice to the Attorney General . . . before making those claims." Sundaram v. Brookhaven Nat'l Labs., 424 F. Supp. 2d 545, 571 (E.D.N.Y. 2006).

Here, there is no indication that the Plaintiff served notice of their action on the New

York State Attorney General before commencing this action. Thus, the Court finds that the Plaintiff is barred from proceeding on a claim under section 40-c of the NYSCRL. However, while the Court dismisses the Plaintiff's NYCRL claim as against all Defendants, the Court does so without prejudice and grants the Plaintiff leave to file an amended complaint within twenty days from the date of this Order if he in fact did comply with NYSCRL § 40-d. Again, if the Plaintiff fails to do so, the Court will dismiss the Plaintiff's NYSCRL claim as against all the Defendants with prejudice.

### III. CONCLUSION

For the foregoing reasons it is hereby:

**ORDERED,** that the Plaintiff's ADA and NYSHRL as against the Defendant Verma are dismissed without prejudice, with leave to file, within twenty days of the date of this Order, an amended complaint in accordance with this Order's holdings. Failure to do so will result in the dismissal of the Plaintiff's ADA and NYSHRL claims as against the Defendant Verma with prejudice; and it is further

**ORDERED,** that the Plaintiff's NYSCRL claim as against all Defendants is dismissed without prejudice with leave to file, within twenty days of the date of this Order, an amended complaint in accordance with this Order's holdings. Failure to do so will result in the dismissal of the Plaintiff's NYSCRL claim as against all Defendants with prejudice.

**SO ORDERED.**

Dated: Central Islip, New York
July 13, 2013

                 _/s/ Arthur D. Spatt_
                 ARTHUR D. SPATT
                United States District Judge